IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laura L. Oliveira,  )<br>Plaintiff,  )<br>vs.  )<br>)<br>Michael J. Astrue, Commissioner of Social  )<br>Security Administration,  )<br>)<br>Defendant.  ) | Civil Action No. 0:10-cv-537-RMG<br><br><br>**ORDER** |

Plaintiff filed this action seeking judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's benefits. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a United States Magistrate Judge for pretrial handling.

The Magistrate Judge recommended reversing the decision of the Commissioner denying benefits and remanding the matter to the Commissioner. (Dkt. No. 19). Defendant has objected and Plaintiff filed conditional objections to the R&R. Having conducted a *de novo* review of this matter and the objections, this Court reveres and remands this matter as set forth below.

### Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b) (1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

## Law/Analysis

The Magistrate Judge's R&R contains a detailed record of the medical background in this matter that this Court need not duplicate. As noted by the Magistrate Judge, in this matter, the ALJ did not have the benefit of Dr. Jarrett's treatment notes. These records were submitted for the first time to the Appeals Council. On January 29, 2010, the Appeals Council denied Oliveira's request for review and with regard to Dr. Jarrett's notes stated:

> We also considered medical reports dated April 9, 2002 to August 12, 2003, from Dr. David Jarrett, which were submitted on August 4, 2009. The Council finds that this information does not provide a basis for changing the Administrative Law Judge's decision.

(Tr. 2). Such cursory review of Dr. Jarrett's treatment notes makes meaningful review of the Commissioner's impossible, especially in light of the ALJ's observation that the record failed to reveal any treatment from December 2001 until October 2003. While a low GAF score standing alone may not evidence that a claimant is unable to work, Dr. Jarrett's treatment notes arguably demonstrate that Oliveira was severely limited during this time and may be entitled to benefits. Thus, without some explanation regarding the Commissioner's evaluation of Dr. Jarrett's treatment notes, the Court cannot determine whether the Commissioner's statement that this information does not provide a basis for changing the ALJ's decision is supported by substantial evidence.

Moreover, these records, submitted to the appellate council also arguably provide support for the opinions of Drs. McLemore and Rockford, who both issued opinions indicating that Oliveira was severely limited within the previous fourteen months, as well as Dr. Jones's opinion, since those opinions were discounted in part because they were inconsistent with the medical evidence.

3

The failure of the Appeals Council to make any findings regarding the newly presented evidence and the weight afforded the evidence presents a real problem for the Court in exercising its duty to undertake a meaningful judicial review of the administrative decision in this matter. *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983). The Court's review process requires a review of the findings of the Commissioner and a determination of whether those findings are supported by substantial evidence. When the ALJ has not reviewed newly produced evidence and the "court is left in the dark as to how the Appeals Council treated new evidence a meaningful judicial review is impossible." *Harmon v. Apfel*, 103 F. Supp 2d 869, 874 (D.S.C. 2000) (J. Norton), citing, *Riley v. Apfel*, 88 F. Supp 2d 572, 579 (W.D. Va. 2000). Thus, the Fourth Circuit has held that when new evidence is submitted to the appeals council, the court must indicate explicitly that such evidence has been weighed and the weight it was given. *Jordan v. Califano*, 582 F.2d 1333, 1335-36 (4th Cir. 1978) (noting that the ALJ must "consider all relevant evidence, including that [given to the appeals council], and must indicate explicitly that such evidence has been weighed and its weight."). The Record reveals that was not done here.

A number of District Courts within the District of South Carolina and within the Fourth Circuit have confronted this particular situation where new evidence was not considered by the ALJ, and the Appeals Council, when declining to review the matter, failed to make any findings regarding the new evidence or indicate the weight provided this evidence. *See Raymond v. Astrue*, 2009 WL 632317 at 5 (D.S.C. 2009) (J. Blatt); *Grant v. Astrue*, 2009 WL 632271 at 3-4 (D.S.C. 2009); *Harmon v. Apfel*, 103 F. Supp 2d at 874; *Alexander v. Apfel*, 14 F. Supp 2d 839 (W.D. Va. 1998). These Courts have

remanded the cases to the Commissioner to make sufficient findings upon which meaningful judicial review can be made. As Judge Norton noted in *Harmon*, "the court is caught between trying to provide meaningful judicial review of evidence not considered by the fact finder, while avoiding actually performing the task of weighing and resolving conflicts in the evidence, which is, of course, the function of the ALJ." 103 F. Supp 2d at 872. Further, as Judge Blatt concluded in *Raymond*, "when neither an administrative law judge nor the Appeals Council indicate the weight accorded new evidence, a remand is proper." 2009 WL 632317 at 5. Similarly, in *Sapienza v. Astrue*, 2010 WL3781998 (D.S.C. 2010) (J. Herlong), in reliance on *Jordan*, the Court remanded in order for the administrative body to make explicit findings regarding the new evidence and indicate the weight it was given.

The Commissioner argues that the Fourth Circuit's decision in *Wilkins v. Secretary*, 953 F.2d 93 (4th Cir. 1991), supports the notion that no remand is proper to consider the weight to be given to evidence produced for the first time to the Appeals Council. But *Wilkins* deals with a distinctly different situation where the newly produced evidence at the Appeals Council stage involved uncontested medical records from a treating physician, which essentially controlled the outcome of the case. The Fourth Circuit reversed the denial of the disability benefits on the basis of the new evidence and remanded. Here, the new evidence, while relevant and material to the issues to the dispute, does not compel a particular result but must be weighed by the Commissioner in light of all of the evidence available in the record. The Commissioner, and not the Court, must weigh that evidence, which mandates the remand.

5

Accordingly, this situation is factually analogous with the Fourth Circuit's decision in *Jordan v. Califano*, 582 F.2d 1333 (4th Cir. 1978), which involved the denial of black lung benefits. The claimant, like the Plaintiff here, submitted new medical evidence to the Appeals Council after the ALJ's decision. The Appeals Council summarily addressed the new evidence in denying review, using similar language to that of the Appeals Council in this action. The Fourth Circuit reversed and remanded the decision, noting that its review was based on a substantial evidence standard. "Before we determine the substantiality of the evidence to support the administrative determination, we first ascertain whether the Secretary has discharged his duty to consider all relevant evidence. A bald conclusion, unsupported by reasoning or evidence, is generally of no use to a reviewing court . . . " *Id.* at 1335. The Court went on to state that "conclusory administrative determinations may conceal arbitrariness." *Id.*

Hence, remand is necessary for the reasons above. The ALJ must also revisit the prior findings in light of some of the new material contained in Dr. Jarrett's notes that may affect the weight given to the opinions of other physicians.

### Conclusion

Based on the above, this matter is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded to the Commissioner for further consideration as outlined in this Order.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 11, 2011
Charleston, South Carolina

6